1  **Jeffrey P. Thennisch (P51499)**
   **Abby C. Moskovitz (P65899)**
2  **Dobrusin & Thennisch, P.C.**
   **29 W. Lawrence Street, Suite 210**
3  **Pontiac, MI  48342**
   **Ph:  (248) 292-2920**
4  **Fx:  (248) 292-2910**

5  **Attorneys for Plaintiff PH4 Corporation**

6  **Peter H. Westby, Esq. #003487**
   **Gregory C. Poulos, Esq., # 025873**
7  **PLATT AND WESTBY, P.C.**
   **2916 North Seventh Avenue**
8  **Phoenix, Arizona  850l3**
   **Telephone: (602) 277-444l**
9  **Facsimile (602) 277-0388**

10  **Attorneys for Defendants**

11                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF ARIZONA
12

13  PH 4 CORPORATION, a Michigan
    Corporation; and DEL WEBB                    Civil Action no. 2:08-cv-00598 PHX-SRB
    CORPORATION, a Delaware Corporation
14                                               **JOINT SCHEDULING CONFERENCE**
                    Plaintiffs,                  **REPORT PURSUANT TO FRCP 26(f)**
15
    v.
16
    ANTHEM MORTGAGE INVESTMENT
17  CORPORATION, an Arizona Corporation; and
    WENDY A. PELLEGRINO, an individual,
18
                    Defendants.
19

20
            Pursuant to Federal Rule of Civil Procedure 26(f), a joint meeting was held by telephone on
21
    November 3, 2008 and was attended by Abby C. Moskovitz, attorney for Plaintiffs PH4
22
    Corporation and Del Webb Corporation, and Gregory C. Poulos, attorney for Defendants Wendy A.
23
    Pellegrino and Anthem Mortgage Investment Corp..   In accordance with the Court's Order dated
24

25

1  September 25, 2008, the parties, by and through their attorneys, hereby submit their Joint

2  Scheduling Conference Report.

3      1.   The Nature of the Case

4      Plaintiffs bring this case alleging federal trademark infringement and unfair competition

5  under 15 U.S.C. §§1114 and 1125(a), common law unjust enrichment and trademark infringement,

6  violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d), and violation of

7  A.R.S. §44-1451 for trademark and trade name infringement based on the Defendants' use of the

8  ANTHEM mark in connection with her residential mortgage services and the registration of the

9  domain name anthemmortgage.com.  Plaintiffs allege in their Complaint that they have been using

10 the ANTHEM mark in connection with developing, constructing, and maintaining residential

11 communities, and marketing and selling residences therein since at least March 1999.   In particular,

12 Plaintiffs are currently offering homes for sale in their multi-use residential community, ANTHEM,

13 in and near Anthem, Arizona.  They allege that Defendants have been using the ANTHEM mark in

14 connection with their residential mortgage services in and near the Anthem development in

15 violation of Plaintiffs' rights to the ANTHEM mark.

16     Defendants deny Plaintiffs' claims, defending on the grounds that: 1) the Plaintiffs' claims

17 barred by the doctrines of laches, estoppel, acquiescence, waiver, and the applicable statute of

18 limitations, 2) the ANTHEM mark is not famous or distinctive; 3) the Defendants' use of the

19 ANTHEM mark is fair use; 4) there is no confusion from the Defendants' use of the ANTHEM

20 mark; 5) Plaintiffs have abandoned their rights to the ANTHEM mark; 6) Plaintiffs' claims are

21 barred by the First Amendment of the United States Constitution; 7) Plaintiffs have unclean hands

22 and are using the legal process for an improper purpose; 8) the alleged infringement was unknowing

23 and innocent; and 9) Plaintiffs' state law claims are preempted by federal law.  The Defendants

24 have brought counterclaims for declaratory judgment that: 1) the Defendants have not created a

25

1    likelihood of confusion; 2) the Plaintiffs' marks are not famous or distinctive and the Defendants

2    have not conducted any activities that constitute trademark dilution or false designation of origin;

3    3)Defendants have not conducted any false designation of origin or unfair competition; 4) the

4    Defendants have not violated the Anticybersquatting Consumer Protection Act; 5) the Defendants

5    have not violated Arizona Revised Statutes Trade and Commerce Article 3, §§44-1441, *et. seq.*; and

6    6) the Plaintiffs are precluded from bringing the claims asserted in the Complaint under the

7    doctrines of estoppels, waiver, acquiescence, laches, or the applicable statute of limitations because

8    Plaintiffs should have known of Defendants' use of the mark since 2001 and acted unreasonably in

9    not bringing these claims earlier.  Defendants also counterclaim for an injunction prohibiting the

10   Plaintiffs from attempting to cancel the Defendants' domain name.  The Defendants have denied the

11   Plaintiffs' counterclaims based on the facts supporting their own claims against Defendants.

12           2.   Elements of Proof

13       In order to succeed on its claims, Plaintiffs must prove the following:

14   - Counts I, III, and VI (Federal, Arizona Common Law, and Arizona Statutory
         Trademark Infringement):  Plaintiffs must (1) ownership of a valid mark (i.e., a
15       protectable interest), and (2) that the alleged infringer's use of the mark is likely to
         cause confusion, or to cause mistake, or to deceive consumers.  *KP Permanent*
16       *Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005);
         *Designer Skin, LLC v. S & L Vitamins, Inc.*, 560 F. Supp.2d 811, 816 n.1 (D. Ariz.
17       2008) (elements of state common law, statutory, and federal trademark infringement
         claims the same).

18

19   - Count II (Unfair Competition):  Plaintiffs must show that Defendants: 1) used the
         ANTHEM mark in connection with any goods and services; and 2) that such use is
         likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,
20       connection, or association of such with another person, or as to the origin,
         sponsorship, or approval of his or her goods, services, or commercial activities by
21       another person.  15 U.S.C. §1125(a).  Under Arizona law, to maintain an action for
         unfair competition, a plaintiff must show either "that it was engaged in competitive
22       business with [the defendant] or that [the defendant's] actions were likely to produce
         public confusion."  *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d
23       401, 407 (9th Cir. 1992).

24

25

- Count IV (Unjust Enrichment): To prevail on an unjust enrichment claim, a plaintiff must show: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) the absence of justification for the enrichment and the impoverishment, and (5) the absence of a legal remedy. *Trustmark Ins. Co. v. Bank One, Ariz., N.A.*, 48 P.3d 485, 202 Ariz. 535 (Ariz. Ct. App. 2002).

- Count V (Violation of Anticybersquatting Consumer Protection Act):  Plaintiff must show that "without regard to the goods or services of the parties, [the defendant] (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and(ii) registers, traffics in, or uses a domain name that --(I) in the case of a mark that is distinctive **[\*\*16]** at the time of registration of the domain name, is identical or confusingly similar to that mark…." 15 U.S.C. §1125(d).

In order to succeed on their counterclaims, Defendants must prove the following:

- Counterclaim – "Classic" Fair Use - Count I (Declaratory Judgment) and Count II (Injunction): The defendants must show that the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, of the party's individual name in his own business, or of the individual name of anyone in privity with such party, or of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin. 15 U.S.C. §1115(b)(4)

3. The Factual and Legal Issues in Dispute

The primary issues in this case will be the validity of the Plaintiffs' ANTHEM mark, whether the Defendants' use of the ANTHEM mark results in a likelihood of confusion, and if so, whether the Plaintiffs are entitled to any damages.  At this point, there do not appear to be any issues to which the parties can stipulate, but they will be reasonable as discovery progresses and will stipulate to matters to which there is not reasonable basis for dispute.

The parties believe that the above issues may be resolved on summary judgment, but that these will not be filed until at least some discovery has been taken.

4. Jurisdictional Basis

This Court has jurisdiction in this case under the Lanham Act, 15 U.S.C. § 1051 et seq., and 28 U.S.C. §1331.  Additionally, because this case involves allegations of trademark infringement

1   and unfair competition, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1338(a) and

2   (b).  This Court also has supplemental jurisdiction of the state law claims under 28 U.S.C. §1367.

3         5.   Parties Not Joined or Responding

4         At this time, the parties are not aware of any other parties that need to be added to this case.

5         6.   Parties Not Subject to the Court's Jurisdiction

6         There are no parties that are not subject to this Court's jurisdiction.

7         7.   Pretrial Motions

8         As stated in Paragraph 3, there may be issues appropriate for summary judgment, but the

9   parties do not anticipate filing any such motions until at least some discovery has been taken.  After

10  some discovery has been taken, the parties may file motions seeking to resolve issues pertaining to

11  the validity of Plaintiffs' trademarks, whether a likelihood of confusion exists, and if so, whether

12  Plaintiffs are entitled to a monetary award.

13        8.   Whether Case Can be Referred to Arbitration, Master, or Magistrate Judge

14        The parties agree that appointment to a Magistrate Judge for pretrial proceedings and

15  discovery issues may be appropriate as described in 28 U.S.C. §636(b), but the Plaintiffs do not

16  consent to the referral of the dispositive motions or trial to a Magistrate Judge under 28 U.S.C.

17  §636(c).

18        9.   The Status of Related Cases Pending Before this Court or any other Court

19        There are no related cases pending in this court or any other court or administrative tribunal.

20        10. Initial Disclosures

21        The parties do not suggest any changes to the disclosures required under Federal Rule of

22  Civil Procedure 26(a), and have agreed to exchange initial disclosures by November 17, 2008.

23        11. Proposed Deadlines

24          a)  Discovery:  By August 31, 2009

25

1

      b)  Dispositive Motions:  By October 15, 2009

2

      c)  Disclosure of Expert Testimony:  Plaintiffs by May 31, 2009; Defendants by June
3          31, 2009; Plaintiffs' rebuttal by July 15, 2009.

4

      d)  Pretrial Disclosures: By November 30, 2009

5

      e)  Final Pretrial Conference:  February 1, 2010

6       12. The Scope of Discovery

7       Discovery will primarily concern the parties' use of the ANTHEM mark and the

8 Defendants' profits.  These factual matters will be relevant to summary judgment motions

9 concerning the validity of the Plaintiffs' mark, the likelihood of confusion, and the Plaintiffs'

10 entitlement to a monetary award, including Defendants' profits.  The parties do not know of any

11 particular matters that should be discovered before others to more efficiently litigate the case,

12 except that discovery regarding the Defendants' profits may help the parties settle the matter.

13       13. Limitations on Discovery

14       The parties do not believe that any changes need to be made to the discovery rules.

15       14. Trial

16       The parties expect this case to be ready for trial by March 1, 2010.  Although it is very

17 difficult to anticipate the length of the trial, the parties estimate that it could take approximately one

18 week for trial.  The parties may be able to stipulate to certain facts concerning the ANTHEM mark

19 that could shorten the length of the trial.

20       15. Jury

21       A jury trial has been requested, and it is not contested.

22       16. Settlement

23       The parties are exploring settlement options, and may request that the case be referred to a

24 U.S. Magistrate Judge for a settlement conference if independent efforts are not successful.

25

1       17. <u>Class Actions – Not applicable</u>

2       18. <u>Complex Track</u>

3     This case does not require the complex track.

4       19. <u>Other Matters</u>

5    The parties stipulate and agree to the Plaintiffs withdrawal of Count VII, violation of A.R.S.

6  §44-1460.05 of its complaint.

7     DATED this 17th day of November, 2008.

8                          DOBRUSIN & THENNISCH, P.C.

9                          By: /s/ Abby C. Moskovitz

10                              Jeffrey P. Thennisch
                               Abby C. Moskovitz

11                               29 W. Lawrence Street, Suite 210
                               Pontiac, Michigan 48342

12                               Phone:  (248) 292-2920
                               Fax:  (248) 292-2910

13                               jeff@patentco.com
                               amoskovitz@patentco.com

14                               Attorneys for Plaintiffs

15                          PLATT & WESTBY, P.C.

16                          By: /s/ Gregory C. Poulos (w/consent)

17                               Peter H. Westby, Esq.
                               Gregory C. Poulos, Esq.

18                               2916 North Seventh Ave.
                               Phoenix, Arizona 85013

19                               Phone: (602) 277-4441
                               Facsimile (602) 277-0388

20                               gpoulos@plattwestby.com
                               pwestby@plattwestby.com

21                               Attorneys for Defendants

22

23

24

25